UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CRAIG A. P.,

                                         **Plaintiff,**

                  v.                                      5:22-CV-0322
                                                         (FJS/DEP)

COMMISSIONER OF SOCIAL SECURITY,

                                         **Defendant.**

_____

**APPEARANCES**                                           **OF COUNSEL**

**OLINSKY LAW GROUP**                     **KAELIN L. RICHARD, ESQ.**
250 South Clinton Street, Suite 210       **HOWARD D. OLINSKY, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **NATASHA OELTJEN, ESQ.**
**OFFICE OF THE GENERAL COUNSEL**    **GEOFFREY M. PETERS, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       Plaintiff brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) (the "Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for benefits. *See generally* Dkt. No. 1. The Court referred the matter to Magistrate Judge Peebles for a Report-

Recommendation. *See* Dkt. No. 14. After reviewing the parties' briefs, *see* Dkt. Nos. 10, 11, and the Administrative Record ("AR"), *see* Dkt. No. 8, Magistrate Judge Peebles issued a Report and Recommendation ("R&R"), in which he recommended that the Court deny Defendant's motion for judgment on the pleadings and grant Plaintiff's motion for judgment on the pleadings. *See* Dkt. No. 17, Report and Recommendation. Defendant filed an objection to Magistrate Judge Peebles' recommendations, Dkt. No. 18, to which Plaintiff responded, *see* Dkt. No. 19.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a magistrate judge's findings and recommendations to which a party has specifically objected. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.'" *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). "A court reviews for clear error findings and recommendations as to which there are no properly preserved objections." *Adam R. T. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1170 (FJS/ATB), 2023 WL 1775689, *1 (N.D.N.Y. Feb. 6, 2023) (Scullin, S.J.) (citation omitted). Likewise, to the extent that a party asserts "'merely perfunctory arguments'" set forth in the original submissions, the Court reviews them for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (quotation and other citation omitted).

### III. DISCUSSION

In her objection, Defendant argues that Administrative Law Judge Elizabeth W. Koennecke (the "ALJ") properly evaluated the joint opinion of Dr. Michael Pratts and Nurse Practitioner ("NP") Stephanie Bizzari ("the Pratts/Bizzari opinion").  *See* Dkt. No. 18 at 1, 2. Furthermore, Defendant contends that Magistrate Judge Peebles applied the wrong legal standards and, accordingly, erred when he found that the ALJ's evaluation of the Pratts/Bizzari opinion was improper.  *See id.*  In particular, Defendant contends that Magistrate Judge Peebles did not apply the proper legal standards when determining whether the ALJ had adequately evaluated the consistency and supportability of the Pratts/Bizzari opinion.  *See id.* at 2.

"Under the applicable regulations, the [ALJ] must consider medical opinions and 'evaluate their persuasiveness' based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and 'other factors.'"  *Scott A.C. v. Kijakazi*, No. 5:20-cv-1530 (BKS/DEP), 2022 U.S. Dist. LEXIS 133082, \*5 (N.D.N.Y. July 27, 2022) (quoting 20 C.F.R. §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1)).  "The two 'most important factors' for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to 'explain how [s]he considered the supportability and consistency factors' for a medical opinion."  *Id.* (quoting 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)).  With regard to the supportability factor, "the regulations provide that '[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.'"  *Id.* at \*5-\*6 (quoting 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)).  With regard to

the consistency factor, the regulations provide that "'[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.'" *Id.* at *6 (quoting 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)).

In her decision, the ALJ addressed the Pratts/Bizzari opinion at Step Four and found that it was not particularly persuasive. *See* Dkt. No. 8-2 at 33. The ALJ noted that, although they had checked off several signs and symptoms they claimed Plaintiff had, they failed to cite to any specific treatment records to support their opinions. *See id.* The ALJ, however, agreed with the Pratts/Bizzari opinion's general finding that, despite having some mental limitations, Plaintiff was not precluded from all mental tasks. *See id.* The ALJ disagreed with the portion of the Pratts/Bizzari opinion that found that Plaintiff did not have an alcohol or substance abuse problem. *See id.* The ALJ disagreed with the alcohol abuse finding because it conflicted with Plaintiff's treatment records, which indicated that he had multiple instances of alcohol abuse. *See id.* The ALJ also found that their estimates of how much work Plaintiff would miss was speculative and inconsistent with his behavior during examinations. *See id.* Finally, the ALJ mentioned that, when assessing the issue of absenteeism opinions, supportability was one of the factors that must be considered in addition to others. *See id.*

In his R&R, Judge Peebles stated that the ALJ failed to apply the supportability consideration properly when addressing the Pratts/Bizzari opinion. *See* Dkt. No. 17 at 16. He explained that, in considering the supportability of the Pratts/Bizzari opinion, the ALJ failed to consider Pratts and Bizzari's treatment records. *See id.* He also found that the Pratts/Bizzari opinion was significant because NP Bizzari "provided the bulk of plaintiff's mental health

treatment during that time period." *See id.* Defendant contends that in so finding, Magistrate Judge Peebles incorrectly applied an older regulation for evaluating evidence, which gave controlling weight to a treating physician.

Although Defendant is correct that a treating physician's opinion is no longer given controlling weight, the treating source's relationship with Plaintiff is still a valid consideration. *See* Dkt. No. 18 at 4; *see also Scott A.C.*, 2022 U.S. Dist. LEXIS 133082, at *5. Magistrate Judge Peebles did not state that the ALJ should have given the Pratts/Bizzari opinion controlling weight; he simply pointed out the significance of the opinion due to the "fairly long-term treatment relationship with Plaintiff." Dkt. No. 17 at 17.

Furthermore, Magistrate Judge Peebles found that a review of NP Bizzari's records showed that they arguably contained findings that were supportive of some of the limitations contained in the Pratts/Bizzari opinion. *See id.* Such a finding suggests that the failure to properly assess the supportability factor had a prejudicial impact on Plaintiff, which necessitated remand. *See Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019).

Defendant also asserts that the "very deferential" substantial evidence standard applies and, therefore, Magistrate Judge Peebles' general disagreement with the ALJ's analysis is not sufficient to satisfy this standard. *See* Dkt. No. 18 at 2 (citing *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)). Furthermore, Defendant argues that a court should overrule an ALJ's finding only if "*no* factfinder could agree with the ALJ's conclusions" and that Magistrate Judge Peebles failed to show how no factfinder could agree with the ALJ. *See id.* (citing *Brault*, 683 F.3d 443 at 448); *see also* Dkt. No. 18 at 2 (citing Dkt. No. 17 at 13-23).

Furthermore, Defendant argues that Magistrate Judge Peebles did not apply the proper legal standards when determining whether the ALJ had adequately evaluated the supportability

and consistency of the Pratts/Bizzari opinion. *See* Dkt. No. 18 at 2 (citing Dkt. No. 17 at 13-23). Specifically, Defendant contends that Magistrate Judge Peebles failed to read the ALJ's decision as a whole. *See id.* Defendant asserts that, where the ALJ's consideration of supportability and consistency can be gleaned from the decision as a whole, the court should affirm. *See id.* at 3. Defendant claims that, rather than gleaning the ALJ's intention from her decision as a whole, Magistrate Judge Peebles suggested that the ALJ must explicitly state whether NP Bizzari's treatment records supported the Pratts/Bizzari opinion. *See id.*

Defendant next contends that Magistrate Judge Peebles suggested that the RFC needed to mirror the Pratts/Bizzari opinion because the ALJ found it partially persuasive. *See* Dkt. No. 18 at 4. However, a reading of Magistrate Judge Peebles' R&R shows that this is incorrect. *See generally* Dkt. No. 17 at 18-19. The paragraph of the R&R to which Defendant refers states that, although the ALJ found the Pratts/Bizzari opinion not persuasive, she failed to provide sufficient reasons for such a finding. *See id.* at 19. Magistrate Judge Peebles noted that, in particular, the ALJ failed to articulate her consideration of the factors of consistency and supportability. *See id.*

Defendant also contends that Magistrate Judge Peebles was incorrect regarding the ALJ's approach to Plaintiff's alleged alcohol abuse. *See* Dkt. No. 18 at 5. Defendant asserts that Magistrate Judge Peebles incorrectly suggested that the ALJ had discounted the entire Pratts/Bizzari opinion based on her perception that the opinion's interpretation of Plaintiff's alcohol use was erroneous. *See id.* Although the ALJ set aside the conclusion about alcohol abuse based on her reading of the treatment record, *see* Dkt. No. 8-2 at 33, she found the remainder of the Pratts/Bizzari opinion unpersuasive for other reasons, *see id.* The reasons for which the ALJ had found the remainder of the opinion unpersuasive are the same reasons that

Magistrate Judge Peebles criticized for insufficiently addressing the supportability and consistency factors. *See* Dkt. No. 17 at 13.

Defendant further objects to the fact that Magistrate Judge Peebles "suggest[ed] that the ALJ [had] erred [in discounting an opinion] … by pointing to objective mental status exam findings." *See* Dkt. No. 18 at 5. Defendant cites case law for the proposition that an ALJ may rely on objective mental status examinations in deciding how much weight to give an opinion. *See id.* (citing *Sweet v. Comm'r of Soc. Sec.*, No. 6:15-CV-0156 (GTS/WBC), 2016 WL 11478205, at *9 (N.D.N.Y. July 6, 2016)). However, Magistrate Judge Peebles did not suggest that an ALJ cannot rely on objective mental status examination reports. *See generally* Dkt. No. 17 at 22-23. Rather, Magistrate Judge Peebles again found that the ALJ had an insufficient basis for rejecting the Pratt/Bizzari opinion. *See id.* at 22. Magistrate Judge Peebles did not take issue with the ALJ's reliance on objective examinations; rather, he took issue with her failure to consult evidence beyond objective medical findings. *See id.* Moreover, the ALJ did not cite to an objective mental status examination when discounting the Pratts/Bizzari opinion. *See* Dkt. No. 8-2 at 33. Rather, the ALJ stated that the Pratts/Bizzari opinion failed to cite to any mental status examinations in support of their opinion. *See id.* Magistrate Judge Peebles found that, although the ALJ did find some inconsistencies while examining the evidence, this did not insulate her from addressing whether the records provided a basis for adopting some of the limitations. *See* Dkt. No. 17 at 22-23.

Finally, Defendant asserts that Magistrate Judge Peebles applied the wrong legal standard by suggesting that the ALJ needed to discuss other findings from Bizzari's treatment records when discounting her opinion. *See* Dkt. No. 18 at 5. However, any crucial factors in a determination must be set forth with sufficient specificity to enable a court to decide whether a

determination is supported by substantial evidence. *See Estrella*, 925 F.3d at 95. Here, Magistrate Judge Peebles determined that the ALJ's failure to discuss her analysis of Bizzari's treatment records was a mistake that made her consideration of the consistency and supportability factors insufficient. *See* Dkt. No. 17 at 11.

For all the reasons stated above, Defendant asserts that the ALJ's decision was correct and asks the Court to reject Magistrate Judge Peebles' findings and recommendations and affirm the ALJ's decision. *See generally* Dkt. No. 18 at 1-7.

Having reviewed the record *de novo*, the Court finds that it is clear that the ALJ failed to sufficiently consider the consistency and supportability of the Pratts/Bizzari opinion with the record as a whole. Moreover, the Court finds that the ALJ did not sufficiently set forth her reasoning regarding the consistency and supportability factors when finding that the Pratts/Bizzari opinion was not persuasive. Thus, the Court concludes that, for all the reasons stated herein as well as in Magistrate Judge Peebles' Report and Recommendation, the ALJ incorrectly applied the applicable legal standards and that there is not sufficient evidence in the record to support her conclusion.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report and Recommendation, *see* Dkt. No. 17, is **ACCEPTED in its entirety**; and the Court further

**ORDERS** that, for the reasons Magistrate Judge Peebles stated in his Report and Recommendation and for the additional reasons stated herein, Plaintiff's motion for judgment

on the pleadings, *see* Dkt. No. 10, is **GRANTED**, and Defendant's motion for judgment on the pleadings, *see* Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that Defendant's decision is **VACATED** and this matter is remanded for further proceedings consistent with this decision pursuant to sentence four of 42 U.S.C. § 405(g); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close the case.

**IT IS SO ORDERED.**

Dated: July 21, 2023
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge